**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| LASER REALTY, INC., | : | CASE NO. 04-12634(SEK) |
| DEBTOR | : | CHAPTER 7 |

NOREEN WISCOVITCH RENTAS,
TRUSTEE FOR THE ESTATE OF      :
LASER REALTY, INC.,
     PLAINTIFF      :      ADV. NO. 06-00033

     v.      :

CHORUS HARDWARE CORPORATION,      :

     DEFENDANT      :



**FILED & ENTERED**

OCT 6 2006

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Defendant filed a motion to dismiss the complaint because certain causes of action are moot, and others must be submitted to arbitration.  The Trustee objects on several grounds, which we deny for reasons that follow.

The Trustee filed this complaint for declaratory judgment and damages claiming Defendant had breached the lease agreement causing damages, was not entitled to occupy the leasehold and therefore, we should evict Defendant and award certain damages to the Estate.

Defendant filed a motion to dismiss stating the Trustee sold the leasehold to a third party after filing this complaint.  The Buyer is not a party, and is not seeking to evict the Defendant. Therefore, the request for eviction due to Defendant's breach of lease agreement is moot.  In any event, the real party in

interest is the Buyer, not the Trustee.

Next, Defendant claims the Trustee's unresolved claims for damages arising from any breach of the lease agreement in question must be settled by arbitration in San Juan, as stated in the 14th paragraph of the agreement.

The Trustee acknowledges the mentioned paragraph, but claims the estate should be relieved from arbitration because of its adverse effect on the estate. The Trustee offers no explanation other than this assertion.

We grant the motion to dismiss based on the undisputed facts that the leased realty was sold by the Trustee to a third party who is the real party in interest in matters concerning eviction, and is not under the jurisdiction of this court. We also find in favor of Defendant on the issue of unresolved damage claims, as the Trustee did not meet her burden of persuasion of showing *prima facie* how arbitration would adversely affect the Estate.

WHEREFORE, we granted the Defendant's motion to dismiss this complaint with prejudice, without awarding costs or attorney's fees. We order the Clerk to enter separate judgment accordingly, and close the proceeding once it becomes final.

**SO ORDERED**, in San Juan, Puerto Rico on October 4, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge